**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **HUGO RICARDO CARDONA LOPEZ** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 26-6344** |
| | : | |
| **JAMISON, *et al.*** | : | |

# ORDER

**AND NOW**, this 28th day of August, 2026, upon consideration of Hugo Ricardo Cardona Lopez's petition for writ of *habeas corpus* (DI 1), and the government's response in opposition thereto (DI 3), it is **ORDERED** that Mr. Cardona's petition is **GRANTED** for the reasons that follow:

1. Mr. Cardona is a foreign national who entered the United States on or about 2008. DI 1 at ¶ 1.

2. On or about August 26, 2026, Mr. Cardona was arrested and ultimately detained by ICE officials without any prior notice while enroute to work. *Id.* at ¶ 3.

3. DHS currently holds Mr. Cardona at the Philadelphia Federal Detention Center, purporting to do so under 8 U.S.C. § 1225(b)(2)(A). *Id.* at ¶ 3, 5-7; DI 3 at 1-2.

4. The government maintains that Mr. Cardona is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). DI 3 at 1-2.

5. As the government acknowledges, "the weight of Circuit and district court authority [is] against the government." DI 3 at 2. Indeed, the Third Circuit Court of Appeals has recently rejected the government's interpretation of § 1225(b)(2)(A), holding that the government's detention of a noncitizen — who has (i) already entered the United States without inspection, (ii) lived in the United States for an extended period of time, and (iii) no criminal record — without a bond hearing violates both the INA and the Due Process Clause. *Lopes De*

*Andrade v. Director Philadelphia Field Office Immigration and Customs Enforcement*, No. 26-1454, and *Buele Morocho v. Warden Philadelphia FDC*, No. 26-1150, ---F.4th---, at *5 (3rd Cir. August 28, 2026) ("The Government appeals the District Courts' orders to release [Petitioners] who had been held in immigration custody without a bond hearing. Because their detentions without hearings violated the [INA] and due process, we will affirm."). As the petitioners in *Lopes De Andrade* and *Buele Morocho* were already within the United States and not detained at the border, the Court concluded that they were not "seeking admission[,]" so § 1225(b) did not apply. *Id.* at *13, *23, *37. Noncitizens beyond the border and already within the United States are governed by § 1226, not § 1225(b). *Id.* at *23. Because Mr. Cardona is present in the United States, he is not seeking admission, such that his detention under § 1225(b)(2)(A) is unlawful. *Id.* at *5, *13, *23; DI 3. Under the INA, the government may only detain Mr. Cardona under § 1226. The government's contrary interpretation is meritless under Third Circuit precedent.

6. The government shall **RELEASE** Mr. Cardona from custody immediately and certify compliance with this Order by filing on the docket no later than **5:00 p.m. ET** on Friday, **August 28, 2026**;

7. The government is temporarily enjoined from re-detaining Mr. Cardona for seven days following his release from custody;

8. If the government chooses to pursue re-detention of Mr. Cardona after that seven-day period, it must first provide him with a bond hearing, at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of his removal proceedings; and

9. Pending the ordered bond hearing, the government cannot remove, transfer, or

otherwise facilitate the removal of Mr. Cardona from the Eastern District of Pennsylvania before the ordered bond hearing. If an immigration judge determines that Mr. Cardona is subject to detention under 8 U.S.C. § 1226(a), the government may request permission from the court to move Mr. Cardona if unforeseen or emergency circumstances arise that require him to be removed from the District. Any such request must include an explanation for the request as well as a proposed destination. We will then determine whether to grant the request and permit transfer of Mr. Cardona.

**MURPHY, J.**